# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ELMER LEE JEFFERSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 1:15-CV-97 CAS/ACL |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

This Social Security matter is before the Court on pro se plaintiff Elmer Lee Jefferson's "Objection to United States Magistrate Judge's Order Dated April 11, 2016 [sic] from Abbie Crites-Leoni, Conflict of Interest."[1] For the following reasons, the Court will overrule plaintiff's Objection.

**Background**

Plaintiff filed this action on May 27, 2015, seeking review of an unfavorable Administrative Law Judge's ("ALJ") decision dated November 7, 2014. The ALJ decided that plaintiff was overpaid Supplemental Security Income in the amount of $2,055.17 while he was incarcerated.

On July 28, 2015, the case was reassigned to the undersigned and referred to Magistrate Judge Abbie Crites-Leoni pursuant to 28 U.S.C. § 636(b), and the case number was modified to reflect the newly assigned judges' initials. The undersigned referred the case to Magistrate Judge Crites-Leoni for a report and recommendation on dispositive matters and for rulings on non-

---

[1] The Clerk of the Court has docketed plaintiff's Objection as a motion for reconsideration of the Magistrate Judge's Order of March 10, 2016 (Doc. 27).

dispositive matters.  See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72.  Plaintiff's Objection concerns a ruling on a non-dispositive matter.

On March 10, 2016, Judge Crites-Leoni issued an order stating that plaintiff has failed to comply with Local Rule 9.02.  This local rule provides in pertinent part that in all Social Security cases, the plaintiff must file a brief in support of the complaint "within 30 days after the Commissioner's service of an answer and the administrative record."  E.D. Mo. L. R. 9.02.  Judge Crites-Leoni stated that the Acting Commissioner filed an answer and the administrative record in this case on August 31, 2015.  Plaintiff's Brief in support of his Complaint was therefore due September 30, 2015, but has not yet been filed.  Judge Crites-Leoni ordered plaintiff to file a Brief in support of his Complaint by April 11, 2016, and also ordered plaintiff to limit his Brief to issues relevant to the Social Security Administration's adverse decision of November 7, 2014, and not to address any unrelated cases plaintiff may have pending in this Court.

Plaintiff asserts that the Order of March 10, 2016 is "not legally binding and has no force or effect on its own" and that he is "submitting this to the District Judge Charles A. Shaw."  Pl.'s Obj. at 1.  Plaintiff also asserts that he has "one or more legal disabilities and no statute of limitations shall begin to run until all of the disabilities are removed and the only way to remove them is when the person who has them removes them."  Id. at 2.  Plaintiff asserts that he needs an attorney and the Court should not have ordered him to "draft pleadings as a trained lawyer nor placed such stipulations on him out of retaliation."  Id.  Finally, plaintiff asserts that the Court has violated his "federal Civil and Constitutional rights in a previous case[.]"

**Discussion**

A party may file objections to a magistrate judge's order that rules on a pretrial issue which is not dispositive of a case, within fourteen days after being served with a copy. Rule 72(a), Fed. R. Civ. P. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

Plaintiff's Objection is timely, but is entirely without merit. Plaintiff has not identified any aspect of the Magistrate Judge's Order that is clearly erroneous or contrary to law. First, the undersigned referred this case to the Magistrate Judge for report and recommendation on dispositive matters and rulings on non-dispositive matters, as authorized by law. Contrary to plaintiff's assertion, the Order of March 10, 2016 is binding and of full force and effect.

Second, under this Court's Local Rule 9.02, plaintiff, like all other plaintiffs who file Social Security cases, must file a brief in support of his complaint or else the case cannot go forward and would be subject to dismissal. Plaintiff's assertion that he was ordered to file a Brief as a matter of retaliation is meritless. Plaintiff's assertion that he is not required to comply with the requirements of Local Rule 9.02 or this Court's orders because he has "one or more disabilities" is also meritless. Plaintiff's conclusory references to an unspecified conflict of interest and to the alleged violation of his constitutional rights in another case are irrelevant to the Court's standard requirement that a Social Security plaintiff must file a brief in support of his or her complaint.

Third, plaintiff complains that he has been denied appointed counsel, but there is no constitutional or statutory right to the appointment of counsel in civil cases such as this. See Ward v. Smith, 732 F.3d 940, 942 (8th Cir. 2013). Plaintiff's motions for appointment of counsel have been denied by the Court without prejudice after careful consideration of the relevant factors.

Finally, plaintiff is advised that a pro se party is not excused from complying with court orders, court rules or substantive and procedural law "even without affirmative notice of the application of the rules to his case." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). In general, pro se representation does not excuse a party from complying with a court's orders. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); see also Faretta v. California, 422 U.S. 806, 934-35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Objection, docketed as a motion for reconsideration, is **DENIED**. [Doc. 28]

**IT IS FURTHER ORDERED** that, as previously ordered, plaintiff shall file a Brief in support of his Complaint by **April 11, 2016**.

**IT IS FURTHER ORDERED** that plaintiff's failure to timely file a Brief in support of his Complaint as required by this Order and the Order of March 10, 2016, **will result in the dismissal of this action without prejudice by the undersigned, without further notice**. See Rule 41(b) of the Federal Rules of Civil Procedure.

                                                          **CHARLES A. SHAW**
                                                          **UNITED STATES DISTRICT JUDGE**

Dated this   29th   day of March, 2016.